J. Stephen Simms, *Pro Hac Vice*
jssimms@simmsshowers.com
SIMMS SHOWERS LLP
201 International Circle, Ste 230
Baltimore, MD 21030
Phone: (410) 783-5795

Neil B. Klein, CA Bar No. 142734
neilk@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone:   (949) 724-0200
Attorneys for Plaintiff Alto Navigation Ltd.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALTO NAVIGATION, LTD, <br><br>     Plaintiff, <br><br>  vs. <br><br> DAEWOO LOGISTICS CORP., <br><br>     Defendant, <br><br>   and <br><br> KEB Hana Bank, <br><br>     Garnishee | Case No. <br><br><br>**VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF SUPPLEMENTAL RULE B MARITIME ATACHMENT AND GARNISHMENT WRIT** |

   Plaintiff Alto Navigation Ltd. ("Alto") brings this action against Daewoo Logistics Corp. ("Daewoo") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issuance of a writ of maritime attachment and garnishment to Garnishee, and states as follows:

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Alto further brings this action pursuant to 9 U.S.C. §§1, 8 for security for arbitration which Alto will initiate against Daewoo in London pursuant to a vessel charter party between Alto and Daewoo as more fully detailed below.

2. Venue is proper in this District because the Garnishee is, within the meaning of Supplemental Rule B, located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because Daewoo's property is or soon will be in this District, namely, accounts held by Garnishee for Daewoo.

4. Daewoo cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. Alto is a legal entity organized under the laws of Malta and at all pertinent times the owner of the ocean cargo vessel M/V APAGEON ("Vessel"). Daewoo is a Korean corporation.

6. Garnishee is a bank with an office or agents located in this District which, on information and belief as detailed below, Alto reasonably believes holds accounts which are the property of and/or owing to Daewoo.

## Facts

7. The Vessel was time chartered by Alto to Daewoo pursuant to a charter party dated August 26th 2020 for the carriage of cargo, namely, blank steel slabs, from the Black Sea area of Russia, to Prachap, Thailand.

8. The charter party required Daewoo to pay various charges, including demurrage, which is the time that a vessel remains past the agreed time that it will take to discharge the vessel (that discharge time also known as "laytime").

9. Alto delivered the Vessel to Daewoo at Istanbul, Turkey according to the Charter Party, and the Vessel, after loading in the Russia Black Sea area and original bills of lading being issued for the cargo, proceeded to the agreed Thailand discharge port.

10. Upon arrival in Thailand, however, the cargo owners, according to Daewoo, were unable to provide the original bills of lading in exchange for release of the cargo.

11. Daewoo consequently requested Alto to release the cargo, without presentation of the original bills of lading, which is contrary to standard practice for the ocean transport of cargo. Daewoo's request was also unusual because Daewoo requested release of the cargo to a party which was not named in the bills of lading. Instead of presenting the original bills of lading, Daewoo offered a Letter of Indemnity, stating that it would indemnify Alto against any loss as the result of not receiving the original bills of lading and delivering the cargo to a party other than the one named in the bills of lading.

12. Alto required time to investigate and, on investigation, determined the reason that the original bills of lading could not be presented was that they were part of a financing agreement with a local Thai bank. The Thai bank was holding the original bills of lading until it was paid for financing the cargo.

13. Alto's investigation required the cargo to remain aboard the Vessel beyond the number of days for discharge ("laytime") which the charter party allowed, with the result that demurrage (delay) charges accrued under the charter party.

14. After investigation, and Daewoo providing Alto an acceptable letter of indemnity, the cargo was discharged from the Vessel.

15. After discharge of the Vessel, Alto presented Daewoo with a statement of charter party charges ("hire statement"). Although Daewoo paid most of the

charges, it refused to pay $8,295.68 for the demurrage which had accrued during the time that Alto investigated whether it would properly release the cargo according to the letter of indemnity, without the original bills of lading.

16. Despite repeated demand, Daewoo refuses to pay the demurrage amount in the hire statement, for the demurrage accruing during the time of Alto's investigation of whether to release the cargo according to a letter of indemnity, without presentation of the original bills of lading

17. Consequently, as provided by the charter party, Alto intends to initiate London arbitration against Daewoo, concerning the demurrage amount that Daewoo refuses to pay.

## COUNT I

### Breach of Contract – Security for Arbitration

18. Alto realleges and incorporates herein each allegation contained in paragraphs 1 through 17, as though fully set forth herein.

19. Under the charter party with Alto, Daewoo was required to pay demurrage. Daewoo breached its maritime contract with Alto, and caused Alto to suffer damages, by failing to pay all demurrage due under the charter party.

20. Pursuant to the terms of the charter party Alto's claim for unpaid demurrage is subject to London arbitration, for which Alto seeks security by way of funds and other property held by Garnishee, as demanded below.

## COUNT II

### Maritime Attachment and Garnishment (Rule B Relief)

21. Alto realleges and incorporates herein each allegation contained in paragraphs 1 through 20, as though fully set forth herein

22. Alto seeks issuance of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

23. No security for Alto's claims has been posted by Daewoo or anyone acting on its behalf.

24. Daewoo cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction, namely, accounts owed Daewoo by garnishee.

**Prayer for Relief**

WHEREFORE, Alto prays:

A. As to Count I, that process of maritime attachment be issued to garnish and attach property of Daewoo, including but not limited to, accounts payable owed or to be owed from garnishees to Daewoo in the amount of at least $38,333.39 ($8,333.39 for unpaid demurrage plus a further amount for accrued and accruing interest, costs and attorneys' and arbitrators' fees of at least $30,000) in security of Alto's claims asserted in the London Arbitration, and upon that total amount of at least $38,333.39 being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

B. As to Count II, since Daewoo cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Daewoo's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least $38,333.39 to secure Alto's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That, as provided in Supplemental Rule B, such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed.

R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That this Court award Alto such other and further relief as this Court deems just and proper.

Date: January 24, 2022

                                    Respectfully submitted,

                                    /s/ J. Stephen Simms
                                  J. Stephen Simms (*pro hac vice* pending)
                                  Simms Showers LLP
                                  Attorneys for Plaintiff Alto Navigation Ltd.

                                  /s/ Neil B. Klein
                                  Neil B. Klein
                                  McKasson & Klein LLP
                                  Attorneys for Plaintiff Alto Navigation Ltd.

**VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel for Alto Navigation Ltd. ("Alto").

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Alto made available to me by Alto. Alto's authorized officers are not readily available in this District to make verifications on Alto's behalf. I am authorized to make this verification on Alto's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for defendant Daewoo in this District.

Pursuant to 28 U.S.C. §1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2022

   /s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste 230
Baltimore, Maryland 21030
Tel: 410-783-5795
jssimms@simmsshowers.com